```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                      SOUTH BEND DIVISION

MARIO ANTHONY ALLEN,         )
                             )
Petitioner,                  )
                             )
vs.                          )    CAUSE NO. 3:07-CV-163
                             )
EDWARD BUSS,                 )
                             )
Respondent.                  )
```

OPINION AND ORDER

This matter is before the court on the habeas corpus petition filed on April 6, 2007, by Mario Anthony Allen, a *pro se* prisoner confined at the Indiana State Prison. Allen is attempting to challenge his criminal conviction in 46D01-0306-FB-72 in the LaPorte County Superior Court. For the reasons set forth below, the habeas corpus petition is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4.

DISCUSSION

>   If it plainly appears from the petition and any attached
>   exhibits that the petitioner is not entitled to relief in
>   the district court, the judge must dismiss the petition
>   and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

On May 27, 2004, Allen was convicted of attempted robbery and robbery and sentenced to forty-five years incarceration in 46D01-0306-FB-72 in the LaPorte County Superior Court. According to his

petition, Allen filed a direct appeal of his conviction, but the Indiana Court of Appeals dismissed his appeal on September 20, 2005, for failure to file an appellate brief.  Allen did not seek transfer to the Indiana Supreme Court.

Habeas corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Allen's statute of limitations began on the expiration of the time for seeking a direct review of his convictions. Because the Indiana Court of Appeals dismissed his appeal on September 20, 2005, Allen's one year statute of limitations on his

petition began to run on October 20, 2005, and expired on October 20, 2006.  This petition was not signed until April 3, 2007, more than five months after his statute of limitations had expired.

It appears that Allen attempts to argue in his petition that the Indiana Court of Appeals and the trial court prevented him from exhausting his claims. Under 28 U.S.C. § 2254(d)(1)(B), the statute of limitations starts after a State created impediment that prevented the petitioner from filing his habeas petition is lifted.  The issue of exhaustion is distinct from the issue of the timeliness of filing the petition.  Here, Allen has not alleged that a State created impediment prevented him from timely filing his petition.  As a result, Allen's petition is untimely and must be dismissed.

CONCLUSION

For the reasons set forth above, the habeas corpus petition is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4.

**DATED: May 2, 2007**                    /s/ RUDY LOZANO, Judge
                                          **United States District Court**