```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                     SOUTH BEND DIVISION
```

MARIO ANTHONY ALLEN,          )
                              )
Petitioner,                   )
                              )
vs.                           )    CAUSE NO. 3:07-CV-163
                              )
EDWARD BUSS,                  )
                              )
Respondent.                   )

## OPINION AND ORDER

This matter is before the Court on the: (1) Verified Petition for Rehearing filed by pro se prisoner Mario Anthony Allen on May 18, 2007 [docket #6]; (2) Verified Petition for Rehearing filed by pro se prisoner Mario Anthony Allen on May 22, 2007 [docket #8]; and Verified Petition for Rehearing filed by pro se prisoner Mario Anthony Allen on May 23, 2007 [docket #9]. For the reasons set forth below, the motion for reconsideration filed on May 18, 2007 [docket #6] is **DENIED**. The other pending motions [docket #8 and #9] are denied as **MOOT**.

BACKGROUND

On May 27, 2004, Allen was convicted of attempted robbery and robbery and sentenced to forty-five years incarceration in 46D01-0306-FB-72 in the LaPorte County Superior Court. According to his petition, Allen filed a direct appeal of his conviction, but the Indiana Court of Appeals dismissed his appeal on September 20, 2005, for failure to file an appellate brief. Allen did not seek transfer to the Indiana Supreme Court. On April 6, 2007, Allen

filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254, attempting to challenge his criminal conviction in 46D01-0306-FB-72.  On May 2, 2007, this Court dismissed Allen's petition pursuant to Section 2254 Habeas Corpus Rule 4 because his petition was not timely.

DISCUSSION

As stated in this Court's May 2, 2007 order, habeas corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Allen's statute of limitations began on the expiration of the time for seeking a direct review of his convictions. Because the Indiana Court of Appeals dismissed his appeal on September 20, 2005, Allen's one year statute of limitations on his petition began to run to October 20, 2005, and expired on October 20, 2006. This petition was not signed until April 3, 2007, more than five months after his statute of limitations had expired.

In his motion for reconsideration, Allen asserts that he unintelligently filed his petition late because he was not aware that there was a one year statute of limitations on filing a habeas corpus petition challenging a state court conviction. However, ignorance with regards to the statute of limitations is not a defense and will not excuse Allen from his untimely filing.

Allen also alleges that because the state courts would not appoint him replacement counsel on his direct appeal, he did not know that there was a statute of limitations on habeas corpus petitions. Allen contends that had he been appointed replacement counsel on his direct appeal, he would have known that there was a time limit on filing habeas corpus petitions. From this argument, it appears that Allen is attempting to utilize 28 U.S.C. section 2244(d)(1)(B). By asserting that the state courts prevented him from obtaining successive counsel, Allen seems to be arguing that an impediment created by State action prevented him from filing his habeas petition. This argument is without merit. Even if the State had wrongfully denied Allen counsel on his direct appeal, the denial of appellate counsel would have affected his ability to

-3-

present his claims to the state courts.  The lack of appellate counsel on direct appeal did not create an impediment to Allen filing a petition for habeas corpus in this Court.  While direct appellate counsel may have alerted Allen to the statute of limitations, the lack of knowledge of the statute of limitations is not an impediment that physically prevented him from filing his petition.  Indeed, Allen could have filed a petition for habeas corpus in this Court at any time, although the Court would have then had to examine whether Allen had exhausted his claims.  However, as evidenced by Allen's petition, he did not need the assistance of counsel to file his habeas corpus petition.  In fact, Allen is not automatically entitled to counsel on his petition for habeas corpus.  Thus, the assistance of counsel was not required for filing a habeas corpus petition.  Allen had one year to file his petition after the state court dismissed his direct appeal.  He did not do so.  Therefore, his petition is untimely.

MISCELLANEOUS MATTERS

On May 22, 2007, Allen filed a brief entitled "Verified Extremely Urgent Notice in Support of Petition for Writ of Habeas Corpus by a Person in State Custody" [docket # 7] and on May 23, 2007, Allen filed a seemingly identical brief entitled "Verified Extremely Urgent Notice in Support of Petition for Writ of Habeas Corpus by a Person in State Custody" [docket #10].  In these briefs, Allen asserts that an official at the prison has interfered

with his receipt of legal mail and asks the Court to take immediate action addressing this situation.  However, these allegations are outside the scope of this case.  First, Allen's original petition is challenging his state court conviction.  The incidents at the prison do not relate to his state court conviction and are outside the scope of the pleadings.  Furthermore, alleging interference with the mail is a claim challenging the conditions of confinement, not the length of confinement.  As a result, if Allen wanted to challenge these practices, he would have to file a civil rights complaint in another case.

In addition, Allen has filed two other documents which restate his arguments from his motion for reconsideration and his arguments from his verified brief [docket #8 and #9].  Because the Court has adequately addressed Allen's claims, these motions are denied as moot.

CONCLUSION

For the reasons set forth above, the motion for reconsideration filed by Allen on May 18, 2007 [docket #6] is **DENIED**.  The other pending motions [docket #8 and #9] are denied as **MOOT**.

**DATED: May 29, 2007**                 /s/ RUDY LOZANO, Judge
                                        **United States District Court**